SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
MICHAEL T. CAMPBELL, Cal. Bar No. 293376
mcampbell@sheppardmullin.com
CATHERINE R. NOBLE, Cal. Bar No. 334155
cnoble@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARRI,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. a corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>[San Francisco Sup. Ct. Case No. CGC-25-623780]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>Complaint Filed: March 28, 2025 |

-1-

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Francisco, to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. Section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.  Accordingly, removal is proper based on the following grounds:

## BACKGROUND

1.     On or about March 28, 2025, Plaintiff Kevin Barri ("Plaintiff") filed a Complaint against Wells Fargo in the Superior Court of the State of California, County of San Francisco, Case No. C25-623780 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Wells Fargo.  Specifically, Plaintiff asserts five claims for (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of Labor Code Section 923; (3) wrongful termination in violation of public policy; (4) breach of contract; and (5) breach of the covenant of good faith and fair dealing.

## TIMELINESS OF REMOVAL

3.     On or about March 31, 2025, Plaintiff served Wells Fargo with a Summons and copy of the Complaint by personal service on its registered agent for service of process.  A true and correct copy of the Proof of Service of the Summons and Complaint is attached hereto as **Exhibit B**.

4.     On or about April 16. 2025, Wells Fargo answered the Complaint in state court.  A true and correct copy of the Answer is attached hereto as **Exhibit C**.

-2-

5.    This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable.  28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. SECTION 1332(a)

6.    **Plaintiff's Citizenship:**  Plaintiff is, and at all times relevant to this action has been, a citizen and resident of the State of California.  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff is, and always has been a citizen of California, and the allegations in his Complaint arise out of his employment with Wells Fargo in California.[1]  Specifically, Plaintiff owns a primary residence in California, is registered to vote in California, has a California driver's license, and pays income taxes in California.  Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

7.    **Wells Fargo's Citizenship:** Wells Fargo is not a citizen of California. Pursuant to 28 U.S.C. section 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where its main office is "located."  As held by the Ninth Circuit, Wells Fargo Bank, N.A., with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota.  *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located").  Accordingly, Wells Fargo Bank, N.A. is only a citizen of South Dakota and not California for diversity purposes.  Thus, complete diversity exists here.

---

[1]    Complaint ¶ 2 ("At all relevant time, Plaintiff KEVIN BARRI ("Barri" or "Plaintiff") was and is a resident of the State of California").

-3-

DEFENDANT'S NOTICE OF REMOVAL

8. **Doe Defendants:** Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. sections 1332(a).

10. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Wells Fargo is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Further, a removing defendant need not set forth evidence establishing the amount in its notice of removal. *See Dart Cherokee*, 135 S.Ct. at 554; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"), *citing Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Wells Fargo can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*.

-4-

11. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). "In assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *3 (C.D. Cal. Mar. 3, 2015).

12. **Alleged Economic Damages and Lost Wages:** Plaintiff alleges that as a result of Wells Fargo's conduct, he is entitled to recover economic damages he was denied during the relevant time period including his 2024 annual bonus and past and future lost wages.[2] Plaintiff is a former Wells Fargo employee. At the time of his separation, Plaintiff's annual salary was approximately $244,000.[3] Plaintiff alleges that because he was terminated on January 3, 2025, in breach of a purported written or implied employment contract and prior to the date upon which his 2024 annual bonus would be paid (in approximately early February 2025), he was wrongfully denied receipt of his 2024 bonus in the amount of at least $126,000.[4] Therefore, assuming it takes approximately one year by the time this matter is resolved at trial, using Plaintiff's final annual compensation allegedly earned by Plaintiff with Wells Fargo (i.e., $244,000), his claimed lost earnings will be

---

[2] *See* Complaint ¶¶ 20-21, 25 (". . . Following Barri's termination on January 3, 2025, Wells Fargo told Barri that, under the Bank's policy, an employee had to be employed on the date the bonus was paid in order to receive his bonus and, since Barri was being terminated one month before the bonus was scheduled to be paid, Barri would receive no bonus compensation for his work in 2024 – even though Barri was entitled to a bonus of at least $126,000 i.e., 70% of his 2023 bonus."), and prayer for relief.
[3] Complaint, ¶ 20.
[4] Complaint, ¶¶ 21, 43-46, 50-51.

SMRH:4902-7841-8230.2                                        DEFENDANT'S NOTICE OF REMOVAL

approximately $431,000 ($244,000 x 1 year and 4 months + $126,000).  This amount does not include any potential front pay that could be awarded by the jury if Plaintiff were to prevail at trial.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (finding that the amount in controversy "easily exceeds" $75,000 when the plaintiff's salary was $39,000 per year and she would have continued working if she had not been terminated).

13.     **Emotional Distress Damages**:  In addition, Plaintiff alleges that, as a result of Wells Fargo's alleged conduct toward him, he is entitled to emotional distress damages because Wells Fargo's conduct caused him to suffer significant emotional distress.[5]  These components of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Juries in California have awarded well in excess of $75,000 for emotional distress damages in FEHA and wrongful termination cases like this one.  *See e.g., Martinez v. Rite Aid*, Los Angeles Superior Court, Case No. BC 401 746 (awarding plaintiff $5 million for emotional distress damages on claims including intentional infliction of emotional distress); *Moland v. McWane Inc. et al.*, Los Angeles Superior Court, Case No. BC559796 (awarding $2.5 million for emotional distress damages on claims including discrimination); *Sosa v. Comerica Bank et al.*, Los Angeles Superior Court, Case No. BC675252 (awarding $13 million for emotional distress damages on claims including discrimination and retaliation).  Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for

[5]     *See* Complaint generally and prayer for relief.

-6-

DEFENDANT'S NOTICE OF REMOVAL

emotional distress and related damages.  Accordingly, the amount in controversy here clearly exceeds $75,000.

14.   **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees.[6]  A prevailing party on FEHA claims and statutory retaliation claims may be awarded attorneys' fees.  *See* Cal. Gov't Code §12965(b).  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit has clarified that this must include all attorney's fees *likely to be incurred through trial of an action*.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.  Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect.").  One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 – 300 hours.  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015).  Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000.  *Id.*

15.   However, in more-heavily litigated cases asserting FEHA and statutory retaliation claims, the attorneys' fee awards are often much higher after trial given that there is significant written discovery, multiple depositions, significant briefing including discovery motions, motions for summary judgment, motions *in limine*,

---

[6]   *See* Complaint generally and prayer for relief.

SMRH:4902-7841-8230.2                                                      DEFENDANT'S NOTICE OF REMOVAL

and other pre and post-trial motions. In the case of *Michael Cash v. County of Los Angeles*, Los Angeles Superior Court Case No. BC718190, after years of litigation, significant briefing, and a multi-week trial on a FEHA retaliation and Labor Code Section 1102.5 retaliation claim, in January 2024 the Court granted a reduced attorneys' fee award in the amount of $455,546 (Plaintiff initially sought more than $700,000 in attorneys' fees). Accordingly, if Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

16.    **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages.[7] Punitive damages should be considered when determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The potential for a punitive damages award alone against Defendant satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

17.    Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons*, 209 F.Supp.2d at 1033 ("The fact that the

---

[7]    *See* Complaint generally and prayer for relief.

-8-

cited cases involve distinguishable facts is not dispositive.  Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").  The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages.  *Id*. (collecting cases).  As in *Simmons*, Plaintiff is claiming discrimination under the Fair Employment and Housing Act, amongst other claims.  The same jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

18.    Jury verdicts in similar cases (*i.e.,* lawsuits in which the plaintiff alleges discrimination and retaliation based on protected characteristics and/or protected activity, etc.) further support that the amount in controversy exceeds $75,000.  In *Moland*, 2017 WL 3221420 (Cal. Super. June 29, 2017), a jury awarded the plaintiff $13.8 million in punitive damages, where plaintiff, just as in this case, claimed he had been discriminated against because of a protected category.  Similarly, in *Ramirez v. World Oil Corp et al.*, 2022 WL 2789369 (Cal. Super. April 21, 2022), a jury awarded a plaintiff $3 million in punitive damages in a case where the plaintiff alleged disability discrimination.  Other discrimination claims have similarly yielded large punitive damages awards. *Lee v. TRW Inc.*, 2007 WL 9706563 (C.D. Cal. Jan. 9, 2007) (FEHA age discrimination case resulted in $1.2 million in punitive damages); *Ismen v. Beverly Hosp.*, 2008 WL 4210706 (Cal. Super. Aug. 13, 2008) (discrimination case resulted in $1,180,164 in punitive damages).  Based on these jury awards, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims.

19.    Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

-9-

## VENUE

20.   Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a). This action originally was brought in the Superior Court of the State of California, County of San Francisco.

## NOTICE OF REMOVAL

21.   This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco.

22.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as the following exhibits, including the Complaint (**Exhibit A**), Proof of Service of Summons (**Exhibit B**), and Answer to the Complaint (**Exhibit C**).

**WHEREFORE**, Wells Fargo requests that the above action pending before the Superior Court of the State of California for the County of San Francisco be removed to the United States District Court for the Northern District of California.

Dated:  April 17, 2025        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        _/s/ Michael T. Campbell_
PAUL BERKOWITZ
MICHAEL T. CAMPBELL
CATHERINE R. NOBLE
Attorneys for Defendant
WELLS FARGO BANK, N.A.

-10-